# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

## VENUE: OAKLAND



FILED

JUN 4 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

---

UNITED STATES OF AMERICA,

V.

FNU, LNU,
a/k/a
"DIMITRI IVAN,"



SEALED BY ORDER
OF THE COURT

CR26 00275

HSG

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Bank Fraud;
18 U.S.C. § 1344(2) – Bank Fraud;
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft;
18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C),
981(a)(1)(C), and 28 U.S.C. § 2461(c) – Forfeiture Allegation

---

A true bill.

_Carolyn Kruse_
Foreman

Filed in open court this <u>4th</u> day of

<u>June, 2026</u>.

_Cindy Cifan_
Clerk

Bail, $ <u>No bail</u>

Hon. Lisa J. Cisneros, US Magistrate Judge

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

JUN 4 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SEALED BY ORDER OF THE COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR26 00275 |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 1349 – Conspiracy to Commit Bank Fraud; |
| FNU, LNU, | 18 U.S.C. § 1344(2) – Bank Fraud;  18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; |
| a/k/a | 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), 981(a)(1)(C), and 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| "DIMITRI IVAN," | |
| Defendant. | OAKLAND VENUE |

I N D I C T M E N T

The Grand Jury charges:

COUNT ONE:          (18 U.S.C. § 1349 – Conspiracy to Commit Bank Fraud)

Introductory Allegations

At all times relevant to this Indictment:

1.      U.S. Bank National Association ("U.S. Bank") was a financial institution insured by the Federal Deposit Insurance Corporation.

2.      Wells Fargo Bank was a financial institution insured by the Federal Deposit Insurance Corporation.

3.      Chase Bank was a financial institution insured by the Federal Deposit Insurance

INDICTMENT

Corporation.

4.      Citibank was a financial institution insured by the Federal Deposit Insurance Corporation.

5.      California Electronic Benefits Transfer (EBT) benefits encompass government public assistance benefits through two primary programs (CalWorks and CalFresh), which are federal benefits distributed by the State of California through local government programs.

6.      CalFresh benefits were intended for low-income California residents who met federal income eligibility rules and wanted to add to their budget to purchase healthy and nutritious food for their households. CalWorks benefits were intended for low-income California residents with children who met federal income eligibility rules for cash aid to use for expenses including housing, utilities, or medical care.

7.      Once a resident qualified for CalFresh or CalWorks benefits, DSS administered an EBT card to the recipient that could be used to access the recipient's EBT account through various financial institution automated teller machines ("ATMs"), or to make point-of-sale purchases like a credit or debit card. Upon receiving the EBT card, the recipient would create a Personal Identification Number ("PIN") that would be used to access the EBT account with the EBT card.

8.      DSS would normally deposit monthly EBT benefits, including CalFresh and CalWorks benefits, directly into the EBT account at the beginning of each month. The recipient could then use the EBT card to withdraw benefits from the EBT account using ATMs, including ATMs that various financial institutions, including U.S. Bank, Wells Fargo, Chase Bank, and Citibank (the "financial institutions"), operated.

Object of the Conspiracy

9.      Beginning on a date unknown but no later than on or about July 1, 2025, and continuing through a date unknown but no earlier than on or about April 2, 2026, in the Northern District of California, the defendant,

FNU LNU a/k/a "DIMITRI IVAN,"

knowingly conspired with others known and unknown to the Grand Jury, to commit bank fraud, in violation of Title 18, United States Code, Section 1344(2).

Manner and Means of the Conspiracy

INDICTMENT                                2

10. IVAN and others known and unknown to the grand jury conspired to obtain and did possess Electronic Benefits Transfer (EBT) card numbers of bona fide EBT account holders that were encoded on counterfeit debit cards. IVAN also obtained and possessed the EBT PIN numbers associated with these bona fide EBT account holders' EBT cards.

11. IVAN and others known and unknown to the grand jury, used the counterfeit cards, encoded with the card numbers of bona fide account holders, to withdraw and to attempt to withdraw funds from ATMs under the false and fraudulent pretense that they were lawfully entitled to withdraw those funds. These withdrawals took place from ATMs at multiple financial institutions, including U.S. Bank, Wells Fargo, Chase Bank, and Citibank.

12. IVAN and others known and unknown to the grand jury used the encoded counterfeit EBT cards, along with the corresponding stolen PIN numbers and personal identifying information, to conduct fraudulent cash withdrawals of EBT benefits without permission or authorization from the EBT account holders. In doing so, IVAN falsely represented that he was the EBT account holder and was otherwise an authorized user of the EBT card, and concealed that the withdrawals IVAN made with the encoded counterfeit EBT cards were made without the authorized user's consent.

13. Through this conspiracy, IVAN and other co-conspirators caused losses to EBT account holders and the financial institutions in the approximate amount of at least $237,000.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH FOUR: (18 U.S.C. § 1344(2) – Bank Fraud)

14. Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated as if fully set forth here.

15. Beginning on a date unknown, but no later than on or about July 1, 2025, and continuing through a date unknown but no earlier than on or about April 2, 2026, in the Northern District of California, and elsewhere, the defendant,

FNU LNU a/k/a "DIMITRI IVAN,"

knowingly and with intent to defraud, devised and executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of financial institutions, including U.S. Bank, Wells Fargo, Chase Bank, and Citibank, by means of material false and fraudulent pretenses,

INDICTMENT                    3

representations, and promises, and the concealment of material facts.

16. The fraudulent scheme operated, in substance, as described in paragraphs 6 through 9 of this Indictment.

17. On or about the following dates, in the Northern District of California, and elsewhere, defendant IVAN knowingly and willfully committed the following acts, which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|-------|------|-----|
| TWO | 1/2/2026 | Used a counterfeit EBT card ending 6244 to withdraw $1,000 at a Wells Fargo Bank ATM in Fremont, California |
| THREE | 2/1/2026 | Used a counterfeit EBT card ending in 7607 to withdraw $1,000 at a CitiBank ATM in Hayward, California |
| FOUR | 2/2/2026 | Used a counterfeit EBT card ending in 1844 to withdraw $410 at a Wells Fargo Bank ATM in San Lorenzo, California |

All in violation of Title 18, United States Code, Sections 1344(2).

COUNT FIVE:        (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

18. On or about February 2, 2026, in the Northern District of California, the defendant,

FNU LNU a/k/a "DIMITRI IVAN,"

did knowingly use, without lawful authority, the means of identification of another person, specifically, an EBT card number ending in 1844 and the PIN number associated with that EBT card number that had been issued to an individual, A.G., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, Title 18, United States Code, Section 1344, knowing that the means of identification belonged to an actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

//

//

//

INDICTMENT                                4

FORFEITURE ALLEGATION:     (18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), 981(a)(1)(C), and 28 U.S.C.§ 2461(c))

19.    All of the allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c).

20.    Upon conviction for the offenses set forth in Count One of this Indictment, the defendant,

FNU LNU a/k/a "DIMITRI IVAN",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to a forfeiture money judgment.

21.    Upon conviction of any of the offenses set forth in Counts Two through Five of this Indictment, the defendant,

FNU LNU a/k/a "DIMITRI IVAN,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any property constituting or derived from proceeds the defendant obtained, directly or indirectly, as the result of such violation, and any personal property used or intended to be used to commit, or facilitate the commission, of the offense, including but not limited to a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1)

INDICTMENT                                          5

and 1029(c)(2), and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B) and 1029(c)(1)(C), Title 28 United States Code Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: June 4, 2026                                        A TRUE BILL.

_____
FOREPERSON

CRAIG H. MISSAKIAN
United States Attorney

/s/ Emily R. Dahlke
_____
EMILY R. DAHLKE
Assistant United States Attorney

INDICTMENT                                6