CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:26-cr-00275-HSG-1 |
| Plaintiff, | [PROPOSED] DETENTION ORDER |
| v. | |
| MADALIN MUSTAFA, a/k/a Dimitri Ivan | |
| Defendant. | |

On June 4, 2026, defendant Madalin Mustafa a/k/a Dimitri Ivan was charged by Indictment with Conspiracy to Commit Bank Fraud in violation of Title 18 U.S.C. § 1349; Bank Fraud in violation of Title 18 U.S.C. § 1344(2); and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).

This matter came before the Court on June 30, 2026, for a detention hearing. The defendant was present and represented by Nicholas F. Reyes. United States Attorney Emily R. Dahlke appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant

must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion:  the Defendant's lack of employment; close ties to a foreign country; lack of ties to the Northern District of California and the United States; and the fact that his proposed surety is not viable given that she will not have moral suasion over the Defendant all show that he poses a flight risk which cannot be mitigated by conditions or any combination of conditions. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:  June 30, 2026

_____
HONORABLE ALEX G. TSE
United States Magistrate Judge